IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RAY STEWART MARION | § | |
| v. | § | CIVIL ACTION NO. 5:11cv104 |
| DR. R. STANLEY, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Ray Marion, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Marion complains of the medical care which he has received while confined in the Texas Department of Criminal Justice, Correctional Institutions Division. After review of the pleadings, the Magistrate Judge issued a Report recommending that Marion's application for leave to proceed *in forma pauperis* be denied and that the lawsuit be dismissed. The Magistrate Judge observed that Marion had filed at least three previous lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim, and so was subject to the provisions of 28 U.S.C. §1915(g). That statute provides that inmates who have filed at least three previous lawsuits or appeals which have been dismissed under 28 U.S.C. §1915(g) cannot proceed under the *in forma pauperis* statute unless they show that they are in imminent danger of serious physical injury. In the present case, the Magistrate Judge concluded that Marion had not shown that he is in imminent danger of serious physical injury; his pleadings indicates that he saw medical personnel regularly, and although he complained of the denial of pain medication over a period of almost three months, he conceded that

1

he had seen another physician over a month before the filing of the lawsuit and that she prescribed him pain medication at that time. Because allegations of past harm do not show "imminent danger," the Magistrate Judge concluded that Marion had failed to trigger the "imminent danger" exception to §1915(g), and recommended that the lawsuit be dismissed on this basis.

Marion received a copy of the Magistrate Judge's Report on July 29, 2011, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for leave to proceed *in forma pauperis* (docket no. 8) is hereby DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 30th day of August, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE